In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00159-CR
______________________________


JIMMY COLLIER, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 13,248


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Jimmy Collier has appealed from his conviction pursuant to his guilty plea for delivery of
a controlled substance. Pursuant to Tex. R. App. P. 25.2(a)(2), (d), the trial court has filed its
certification of his right to appeal in which the trial court certified that this was a plea bargained case
and that Collier has no right to appeal, and also that he has waived his right to appeal.
Â Â Â Â Â Â Â Â Â Â Â Â Rule of Appellate Procedure 25.2(d) provides in pertinent part, "The appeal must be
dismissed if a certification that shows the defendant has the right of appeal has not been made part
of the record under these rules." Tex. R. App. P. 25.2(d).
Â Â Â Â Â Â Â Â Â Â Â Â The trial court's certification affirmatively shows that Collier has no right of appeal. 
Accordingly, we dismiss the appeal. See High v. State, No. 10-03-004-CR, 2003 WL 21299383
(Tex. App.âWaco June 4, 2003, no pet. h.) (not designated for publication).
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â December 11, 2003
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â December 12, 2003

Do Not Publish




 will not support a claim of ineffective assistance of
counsel on direct appeal. 

 We overrule Remsburg's sole point of error and affirm the trial court's judgment.




 Jack Carter

 Justice


Date Submitted: March 5, 2007

Date Decided: March 30, 2007


Do Not Publish

1. If Remsburg had requested and received such an instruction, and if the jury had found him
guilty of the attempted offense, rather than the offense alleged in the indictment, he would have
faced a punishment assessed within the range provided for class A misdemeanor offenses. See Tex.
Penal Code Ann. § 15.01(a), (d) (Vernon 2003). Alternatively, if the jury had found Remsburg
guilty of only criminal trespass, he would have faced a punishment assessed within the range
provided for class B misdemeanors. See Tex. Penal Code Ann. Â§ 30.05 (Vernon Supp. 2006).